UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. VIEIRA, | No. C 11-2672 SI (pr) |
| Plaintiff, | **ORDER (1) GRANTING MOTION FOR REHEARING, (2) VACATING EARLIER DISMISSAL, AND (2) DISMISSING ACTION** |
| v. | |
| SAN QUENTIN WARDEN M. MARTEL, | |
| Defendant. | |

A. Motion For Rehearing

This *pro se* civil action was dismissed on July 28, 2011 and judgment entered because plaintiff had not paid the filing fee or submitted a completed *in forma pauperis* application within the time permitted to do so. Thereafter, plaintiff filed a "motion for rehearing due to the obstruction of justice by defendants" and an *in forma pauperis* application. (Docket # 6 and # 7.) In his motion for rehearing, plaintiff urged that he had never received the court's written notice of the *in forma pauperis* ("IFP") deficiency and that the first document he received from the court was the dismissal order. He contended that his failure to receive the deficiency notice showed that defendants "have and continue to Obstruct and Impede Justice and the Administration of Law," Docket # 6 at 2, and that the court therefor has an absolute duty to initiate a criminal investigation and order formal hearings. His argument in the motion for rehearing is similar to the reasoning underlying his complaint.

The motion for rehearing is GRANTED in limited part. (Docket # 6.) Although Vieira's assertions of obstruction of justice appear to be baseless hyperbole, the court will accept his assertion that he did not receive a timely notice of his need to file an IFP application, even though he has filed enough actions in this court that he should be aware of the obligation. The court will consider the late IFP application and rule on it in a separate order. The dismissal of this action for failure to file a completed IFP application and judgment thereon are now VACATED. Having done that, the court does the review of the complaint required by 28 U.S.C. § 1915A.

B. <u>Review of Complaint</u>

Vieira commenced this action by filing a document entitled "Criminal Complaint." The sole named defendant was San Quentin State Prison warden Martel. In his complaint, Vieira alleged that he sent "legal mail" to attorney Dean Johnson and the "legal mail was returned to complainant as regular mail (opened and reviewed)." Complaint, p. 3. The attorney's address had been blacked-out with a black marker, and the postage-stamps on the envelope were blacked-out with a black marker. "The reasons given for returning complainant's legal mail was the attorney was no longer at this address. However, there are no U.S. postmarks on this item of mail verifying this piece of mail was ever handled or processed by the U.S. Post Office, and the attorney's address is correct and verified in the (2010) California Attorney Directory." *Id.*

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at §1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Vieira alleged an unusual claim based on his understanding of three sections of Title 18 of the U.S. Code , i.e., 18 U.S.C. § 4 (criminal liability for misprision of a felony), 18 U.S.C. §

2

1 3 (accessory after the fact liability), and 18 U.S.C. § 242 (criminal liability for deprivation of
2 rights under color of law). He alleged that "the complaint and all the crimes reported herein
3 have been presented to" warden Martel, and that warden Martel "has refused to act, or even
4 contact complainant after complainant presented and served him with the facts and invoked the
5 warden's duty with legal notice." Complaint at 2. Vieira reasoned that, because someone
6 deprived him of a constitutional right (presumably related to the piece of mail) and he reported
7 that fact to the warden, the warden committed misprision of a felony by not reporting the crime
8 to the court. He further reasoned that the court would be liable as an accessory after the fact if
9 it did nothing about the situation having been informed of the felony and misprision of a felony.

10 The complaint is dismissed for failure to state a claim upon which relief may be granted.
11 As a private party, Vieira has no standing to prosecute a criminal action and has no protected
12 interest in the prosecution of another. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973)
13 ( "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution
14 of another"); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private
15 citizen has no standing to have lawyer disciplined or criminally charged); *Sattler v. Johnson*, 857
16 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have
17 another criminally prosecuted).

18 Leave to amend so that Vieira may attempt to cast his claim as a civil claim under 42
19 U.S.C. § 1983 (instead of trying to prosecute a criminal action) will not be granted because it
20 would be futile. Even if a private right of action did exist for misprision of a felony – a highly
21 doubtful proposition in itself, *see Dugar v. Coughlin*, 613 F. Supp. 849 (S.D. N.Y. 1985) –
22 Vieira has not alleged a misprision of a felony. The mere failure to report a felony is not
23 sufficient to constitute misprision: the defendant must take affirmative steps to conceal the crime
24 of the principal. *See Lancey v. United States*, 356 F.2d 407, 409-10 (9th Cir. 1966). Vieira does
25 not allege that defendant took affirmative steps to conceal any crime.

26 Furthermore, the handling of the mail, as alleged in the complaint, did not amount to a
27 constitutional violation. Although Vieira believed that prison officials blacked out portions of
28 the envelope and that the envelope never made it to the U.S. Postal Service, the exhibit attached

3

to the complaint plainly shows him to be wrong: the envelope has a stamp from the Postal Service for mail returned to sender.[1] *See* Complaint, Ex. B.1.a. Where, as here, the exhibit contradicts what plaintiff alleged, the court need not accept plaintiff's contrary allegation as true. *See Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 674 (2d Cir. 1995) *citing* (document attached to a complaint "will be read to evidence what it incontestably shows once one assumes that it is what the complaint says it is or, in the absence of a descriptive allegation, that it is what it appears to be"); *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("[i]f the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate"). In light of a mark on the envelope from the Postal Service, Vieira's contention that the envelope was not handled by the U.S. Postal Service need not be credited. Someone wrote "RTS - not here" on the envelope that was returned to plaintiff, but it cannot be determined whether that marking was made by the current occupant of the address to which the envelope was sent, or by a postal clerk, or by prison officials, or by someone else. Vieira assumed it was made by a prison officials, but has alleged nothing that would suggest he had any personal knowledge as to the author of the notation.[2] Finally, the envelope is marked "legal" at the bottom left corner but there is nothing in the address visible that showed it was actually legal mail. Not everything a prisoner marks as "legal mail" is legal mail. *See, e.g., Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (mail from courts, as contrasted with mail from prisoner's lawyer, is not legal mail). The only visible part of the address on the returned envelope is the portion that states "To: Dean Johnson," and it doesn't identify him as a lawyer. The inspection for contraband of non-legal mail does not

---

[1] The stamp, visible to the left of the addressee's name, is a diagram of a hand, with the word "Reason" printed below the hand, and then several boxes below that. The text printed next to the top box appears to say "moved. left no address." That stamp is frequently seen on mail returned undelivered to the court from the U.S. Post Office. And sometimes the returned mail is marked "RTS" as shorthand for "return to sender."

[2] Plaintiff alleged that he addressed the envelope at a "current" address based on a listing in a lawyer's directory from 2010. That wasn't enough to change his allegation from speculation to fact. People sometimes move. Indeed, the State Bar's web page currently lists that attorney as being at a different address and different city than the one plaintiff used on his envelope.

4

violate a prisoner's constitutional rights. *See Witherow v. Paff*, 52 F.3d 264, 265-66 (9th Cir. 1995) (upholding inspection of outgoing mail); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (upholding inspection of incoming mail); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding inspection of outgoing and incoming mail). It thus appears that Vieira would not be able to allege a constitutional violation with regard to the handling of his mail, which is the alleged crime that defendant warden allegedly is liable for failing to report to the court.

C. <u>Conclusion</u>

When all is said and done, the action is still dismissed, but for a different reason. The motion for rehearing has been granted in part. The order of dismissal and judgment which were based on plaintiff's failure to file a completed IFP application have been vacated. Upon initial review of the complaint, the court determined that the complaint failed to state a claim upon which relief could be granted. This action is now dismissed because the complaint fails to state a claim upon which relief may be granted. The clerk will close the file.

IT IS SO ORDERED.

Dated: September 16, 2011

_____
SUSAN ILLSTON
United States District Judge

5